# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | _o2 |
|  | : | CRIMINAL CASE NO. 06-144 (JDB) |
| v. | : |  |
|  | : | VIOLATION: D.C. § 48-904.01(a)(1) |
|  | : | (Distribution of Marijuana) |
|  | : |  |
| DAVID L. LEARY, | : | **FILED** |
| Defendant. | : |  |
|  | : | JUL 2 1 2006 |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STATEMENT OF OFFENSE IN SUPPORT OF A GUILTY PLEA

The United States, by and through its attorney, the United states Attorney for the District of Columbia, and the defendant hereby submit this Statement of Offense in Support of a Guilty Plea.

I.    Essential Elements of the Offense:

The defendant has agreed to plead guilty to Count Two of a Two-Count Information charging him with Distribution of Marijuana in violation of D.C. § 48-904.01(a)(1). The essential elements of this offense are:

A.    That the defendant distributed marijuana.

B.    That the defendant did so knowingly and intentionally.

II.    Factual Proffer:

David Leary ~~e~~DLC

If the case against defendant ~~James Gray~~ had gone to trial, the government's evidence would have shown beyond a reasonable doubt as follows:

On or about Tuesday, March 28, 2006, at approximately 6:40 p.m., Metropolitan Police Department ("MPD") officers were conducting "buy-bust" operations in the 2500 block of Pennsylvania Avenue, Southeast, Washington, D.C. During the course of the operations, an undercover officer spoke with the defendant, David L. Leary, about buying marijuana. The

defendant, David L. Leary, then walked to the passenger side of a silver colored Jeep Cherokee and got into the automobile where his co-defendant, Delonta Reeves, was sitting in the driver's seat. Noone else was in the vehicle. David L. Leary spoke with co-defendant, Delonta Reeves, about selling marijuana to the undercover officer. Moments later, the defendant David L. Leary exited the Cherokee and returned to the undercover officer. Defendant David L. Leary stated, "My man's got it." The officer handed defendant David L. Leary $40 in pre-recorded MPD funds. Defendant David L. Leary returned to the passenger side of the Cherokee and climbed into the passenger seat. Defendant David L. Leary obtained two clear ziplocks of marijuana from his co-defendant, Delonta Reeves, and handed $40.00 of the pre-recorded funds to Reeves. Shortly thereafter, defendant David L. Leary walked back to the officer and gave him two clear ziplocks of marijuana. Both defendant David L. Leary and co-defendant Reeves were stopped by the police. Defendant David L. Leary had $5.00 of pre-recorded MPD funds in his possession.

Defendant David L. Leary never possessed any of contraband found in the car driven by co-defendant Reeves, specifically the marijuana, crack cocaine, cans of Pringles, Ruger semi-auto handgun, 9 mm cartridges, scale, razor blades, ziplock bags. Nor did Defendant David L. Leary see

anyone else, except for co-defendant Delonta Reeves, in possession of these items at any time prior to Defendant David L. Leary's arrest.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____

DENISE M. CLARK
D.C. Bar No. 479149
Federal Major Crimes Section
555 4th Street, N.W., 4th Floor
Washington, D.C. 20530
(202) 353-8213

## DEFENDANT DAVID L. LEARY'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Lara Quint, Esquire. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 7/21/06

David L. Leary
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 7/21/05

Lara Quint, Esquire
Attorney for David L. Leary

3